RUFUS HOWE *v.* SILAS W. HOWARD.

October Term, 1908.

Present: ROWELL, C. J., TYLER, MUNSON, and WATSON, JJ.

Opinion filed January 18, 1909.

*Assumpsit—Goods Sold—Evidence.*

In assumpsit for the proceeds of the sale of certain personal property, it appeared that, while plaintiff was in possession of defendant's farm under a contract of purchase, and owned the personal property thereon, by agreement between them the defendant sold the farm, said personal property and certain other personal property of his own, to a third person and received all the proceeds of the

sale. The evidence tended to show that the sale was for a lump sum, and that, while each item of property was called of a certain value, the purchase price of the whole was less than the aggregate of the agreed values; that the price at which the plaintiff's property was sold was not the price at which he was to be credited; that the personal property defendant contributed to the sale was to be taken into account in his settlement with the plaintiff, and defendant claimed on trial that the value of this property was to be considered in determining his interest in the proceeds of the sale. *Held*, error to exclude defendant's offered evidence of the value of the personal property by him contributed to the sale.

GENERAL ASSUMPSIT. Pleas, the general issue, payment, accord and satisfaction, and declaration in offset. Trial by jury at the December Term, 1907, Windsor County, *Powers*, J., presiding. Verdict and judgment for the plaintiff. The defendant excepted. The opinion states the case.

*March M. Wilson* for the defendant.

*Wallace Batchelder* and *John G. Sargent* for the plaintiff.

MUNSON, J. While plaintiff was in possession of defendant's farm under a contract of purchase, and owned the personal property on it, the two entered into an arrangement under which the defendant sold the farm and some of the personal property to a third party, and received the entire proceeds of the sale. In making this sale the defendant put in certain personal property of his own, and evidence of the value of this property was excluded as immaterial. The correctness of this ruling is the only question presented.

The exceptions state that the evidence of the plaintiff tended to show that the personal property belonging to the plaintiff was sold at prices agreed upon by the plaintiff, the defendant, and the purchaser; and that the evidence of the defendant tended to show that the price at which this property was sold was not the price with which the plaintiff was to be credited. The exceptions also state that defendant's evidence tended to show that the personal property he contributed to the sale was to be taken into account in his settlement with the plaintiff, and it appears that he claimed on the trial that the value of this

property was to be considered in determining his interest in the proceeds of the sale.

The exceptions contain, in addition to the statement, the entire evidence relating to the terms on which the plaintiff's personal property was sold. It appears from this that there was evidence tending to show that the farm, and the personal property that went with it, both of the plaintiff and the defendant, were sold for a lump sum; that while each item of property was called of a certain value, the purchase price of the whole was less than the amount of the sums thus agreed upon.

It is argued for the plaintiff that the statements contained in the exceptions, when construed in the light of the testimony submitted in connection with them, fail to show that the offered testimony was material; but we are unable to adopt this view. It seems clear that the defendant's evidence tended to show that he was entitled to be allowed for the personal property he put into the sale; that the amount of the allowance was not determined by any agreement; and that a valuation of the property was essential as the basis of an adjustment on the defendant's theory.

*Judgment reversed and cause remanded.*